UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

          *Plaintiff*,

-against-

LUIS FELIPE VARGAS CASTANO,

          *Defendant*.

20-CR-414 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

Defendant Luis Felipe Vargas Castano brings this *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 821 to the United States Sentencing Guidelines. For the reasons set forth below, his motion is DENIED.

## BACKGROUND

In October 2022, Mr. Castano, pursuant to a plea agreement, pleaded guilty to international cocaine distribution conspiracy in violation of 21 U.S.C. §§ 963, 960(b)(1)(B)(ii), 959(d). *See* Minute Entry for Change of Plea Hearing, ECF No. 39, Judgment, ECF No. 61. This charge stems from the defendant's involvement in a conspiracy to import and distribute large quantities of cocaine in the United States. Presentence Investigation Report ("PSR") ¶¶ 4–7, ECF No. 50. In the plea agreement, he stipulated that he was subject to an aggravating role enhancement. *Id.* ¶ 7. At the time I originally sentenced Mr. Castano, he had a total offense level of 39 and a criminal history category of I (zero criminal history points), corresponding to an advisory guideline range of 262 months to 327 months imprisonment. *Id.* ¶ 57. This offense level calculation included a two-point aggravating role enhancement pursuant to U.S.S.G. § 3B1.1(c) given Mr. Castano's role as an organizer, leader, manager, or supervisor in the offense. *Id.* ¶ 15.

On July 16, 2026, I sentenced Mr. Castano to 132 months incarceration to be followed by two years of supervised release. Minute Entry, ECF No. 60. At sentencing, I adopted the PSR without change, and accepted the United States Probation Office's calculation that the defendant's total offense level was 39. *See* Statement of Reasons, ECF No. 62. The computation was derived from a base offense level of 38 pursuant to U.S.S.G. § 2D1.1(c)(1) as the defendant was responsible for 450 kilograms or more of cocaine, a two-level semi-submersible enhancement pursuant to U.S.S.G. § 2D1.1(b)(3)(B), a two-level leadership role enhancement pursuant to U.S.S.G. § 3B1.1(c), and a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. §§ 3B1.1(a), (c). PSR ¶¶ 10–21.

Mr. Castano is due to be released on January 22, 2032. He moved for a sentence reduction on November 24, 2025. ECF No. 65 ("Mot.").

## DISCUSSION

On November 1, 2023, Amendment 821 to the Sentencing Guidelines went into effect. The Amendment altered the guidelines calculation for "zero point offenders," reducing the offense level for defendants who meet requirements relating to their criminal history and aggravating factors specific to the instant offense. *See* Amendment 821, § 4C1.1(a), U.S.S.G. § 4C1.1. A requirement relevant here is that "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." Amendment 821, § 4C1.1(a)(1), U.S.S.G. § 4C1.1(a)(10). The amendment is retroactive, allowing for a reduction in sentence for defendants who meet these requirements. *See United States v. Smerling*, No. 21-CR-317, 2024 WL 1208908, at *2 (S.D.N.Y. Mar. 21, 2024).

Mr. Castano urges me to exercise my discretion to reduce his sentence because a two-point reduction would bring his total offense level from 39 to 37, resulting in a decrease in the advisory

guidelines range. Mot. at 2. He argues that he qualifies for a reduction because he has no criminal history and is not disqualified from a reduction by aggravating factors. *Id.* Furthermore, he states that he has received no disciplinary infractions during his time in custody. *Id.*

However, Mr. Castano is ineligible for a reduction under § 4C1.1(a)(10) because he received a managerial role adjustment under § 3B1.1. *See* PSR ¶ 15. A sentence reduction under Amendment 821 is not available to defendants who received an Aggravating Role adjustment under § 3B1.1. *See United States v. Barona Astaiza*, No. 16-CR-661-2, 2024 WL 990109, at *1 (E.D.N.Y. Mar. 7, 2024) (citing U.S.S.G. § 4C1.1(a)) (collecting cases); *United States v. Bello*, No. 13-CR-559, 2024 WL 2962169, at *7 (E.D.N.Y. June 12, 2024) (same). Mr. Castano's receipt of an Aggravating Role adjustment under § 3B1.1 precludes him from receiving the benefit of sentence reduction under Amendment 821. Because Mr. Castano is ineligible for a sentence reduction, I need not weigh the factors set forth in section 3553(a) to determine whether a reduction is merited. *See United States v. Beltre*, No. 3:16-CR-42-1, 2024 WL 1424557, at *2 (D. Conn. Apr. 3, 2024) (citing *United States v. Torres*, No. 06-CR-987-07, 2024 WL 621554, at *1 (S.D.N.Y. Feb. 14, 2024)).

## CONCLUSION

Having considered the record in this case, it is hereby ordered that Mr. Castano's motion for a sentence reduction is DENIED.

SO ORDERED.

                                                                  /s/  
                                                Allyne R. Ross  
                                                United States District Judge

Dated: January 30, 2026  
       Brooklyn, New York